# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Casey Voigt and Julie Voigt, | ) | |
| | ) | |
| Plaintiffs, | ) | **ORDER DENYING MOTION TO** |
| | ) | **EXCLUDE EXPERT TESTIMONY** |
| vs. | ) | |
| | ) | |
| Coyote Creek Mining Company, L.L.C., | ) | Case No. 1:15-cv-109 |
| | ) | |
| Defendant. | ) | |

Defendant has moved to exclude any use of the expert opinions of Dr. Ranajit Sahu on the grounds that his opinions were not disclosed within the time frame provided for in the court's progression order for the initial disclosure of expert testimony. Defendant further contends that, even if there is an opportunity to disclose rebuttal expert testimony, it should not be allowed from a new undisclosed expert. Finally, defendant contends that Dr. Sahu's opinions are not truly rebuttal.

In terms of the court's progression order, it did not forbid rebuttal expert opinions from being disclosed nor did it specifically prohibit the disclosure of rebuttal opinions by a previously undisclosed expert. In addition, the court has carefully reviewed the briefs and Dr. Sahu's expert report. And, while there are some opinions that should have been in an initial disclosure, many are rebuttal, particularly those that criticize the PTE estimates made by defendant's experts.

But, even if the court is wrong about these points, the court concludes that defendant's motion should be denied based on the interests of justice and the fact defendant will not suffer undue prejudice given what follows. The court will be entering an order granting defendant's motion for summary judgment and dismissing the action. If this case is reversed on appeal and there needs to

1

be a trial in which the expert opinions will be material, the court will give defendant full opportunity to disclose additional expert opinions, including from additional experts, to address Dr. Sahu's opinions and conclusions, whether rebuttal or not. See, e.g., Wegener v. Johnson, 527 F.3d 687, 692 (8th Cir. 2008) (trial court has wide discretion in fashioning remedies or sanctions for violations of Rule 26(a) or (e)).

For these reasons, defendant's Motion to Exclude Expert Testimony (Doc. No. 69) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 3rd day of July, 2018.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court